**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF NEW YORK**
_____

| | |
|---|---|
| **BERTAM MUSIC COMPANY; JORDAN ROCKS MUSIC; WB MUSIC CORP.; STEREO SUPERSONIC MUSIC; EMI APRIL MUSIC, INC.; LELLOW PRODUCTIONS, INC.; PARAMOUNT MUSIC CORPORATION; SOUTHERN MUSIC PUBLISHING CO., INC.; PERREN-VIBES MUSIC, INC.; and UNIVERSAL-POLYGRAM INTERNATIONAL PUBLISHING, INC.;** | **1:06-CV-904 (GLS/DRH)** |

       **Plaintiffs,**

   v.

**MAGGIE'S CAFÉ, INC. and MARGARET SMITH,**

       **Defendants.**
_____

| **APPEARANCES:** | **OF COUNSEL:** |
|---|---|
| **FOR THE PLAINTIFFS:** | |
| HANCOCK & ESTABROOK LAW FIRM<br>1500 Tower I<br>P.O. Box 4976<br>Syracuse, New York 13221 | MICHAEL J. SCIOTTI, ESQ. |
| **FOR THE DEFENDANTS:** | |
| No Appearance On Record | |

**Gary L. Sharpe**
**U.S. District Judge**

## ORDER

On June 25, 2006, plaintiffs commenced this action against defendants for violations of Federal Copyright Law under Title 17 of the United States Code, pursuant to 28 U.S.C. § 1338(a).  *See Dkt. No. 1*.  The defendants have failed to appear in this action, and their time to do so has expired.  *See* FED. R. CIV. P. 12(a).  On September 6, plaintiffs filed a Request for Entry of Default against defendants pursuant to Federal Rule of Civil Procedure 55 and Local Rule 55.1.  *See Dkt. No. 8*.  The Clerk of the court entered plaintiffs' request on September 11.  *See Dkt. No. 10*.  Plaintiffs now move for default judgment against defendants.

Having reviewed the record and plaintiffs' submissions, the court finds that plaintiffs are entitled to the minimal statutory penalty on each of the six complained-of copyright infringements.  *See* 17 U.S.C. § 504.  Moreover, the award of attorneys fees is limited to the hourly rates governed by the lodestar method.[1]

---

[1] When a court determines that an award of attorneys' fees is warranted, then it must determine the reasonable hourly rate.  A reasonable hourly rate must be "in line with those prevailing in the community for similar services by lawyers of reasonably comparable skill, experience and reputation." *N.Y. State Teamsters Conference Pension & Ret. Fund v. UPS*, 98-CV-1902, 2004 WL 437474, at *2 (N.D.N.Y. Feb. 27, 2004) (citation omitted).  "The 'prevailing community' has been interpreted as the district where the court sits."  *Id.* (internal quotation and citation omitted).

**WHEREFORE**, for the foregoing reasons, it is hereby

**ORDERED** that plaintiffs' Motion for Default Judgment is **GRANTED**; and it is further

**ORDERED** that Defendants pay statutory damages to plaintiffs for copyright infringement of the musical compositions listed in Schedule A to the Complaint, in the total principal sum of **FOUR-THOUSAND, FIVE-HUNDRED DOLLARS ($4,500)**, representing the minimal statutory penalty of $750 on each of the six violations; and it is further

**ORDERED** that defendants are enjoined from any further unauthorized or unlicensed performance of any of the works in the repertory of plaintiffs or the American Society of Composers, Authors, and Publishers (ASCAP); and it is further

**ORDERED** that defendants pay plaintiffs' costs and reasonable attorneys' fees pursuant to the lodestar method in the amount of **TWO-THOUSAND SEVEN-HUNDRED AND SIXTY-SEVEN DOLLARS ($2,767.00)**, representing costs in the amount of $570.00 and attorneys'

---

Generally, when awarding attorneys' fees, courts in the Northern District follow the lodestar method, where a determination is made of hours reasonably spent by counsel multiplied by the reasonable hourly rate. *See O'Grady v. Mohawk Finishing Prods., Inc.*, 96-CV-1945, 1999 WL 30988, at *2 (N.D.N.Y. Jan. 15, 1999). Currently, the prevailing rates in this district are "$210 for experienced attorneys, $150 for associates with more than four years experience, $120 for less experienced associates, $80 for paralegals and the traditional one-half these rates for time spent traveling." *Arbor Hill Concerned Citizens Neighborhood Assoc. v. County of Albany*, 03-CV-0502, 2005 WL 2346084, at *3 (N.D.N.Y. Sept. 23, 2005).

fees in the amount of 16.70 hours of work performed by Carolyn A. Symonds, a paralegal, and 4.10 hours of work performed by Michael J. Sciotti, Esq., an experienced attorney; and it is further

**ORDERED** that the Clerk of the Court provide a copy of this Order to the parties by regular mail.

**IT IS SO ORDERED.**

January 11, 2007
Albany, New York

_____
Gary L. Sharpe
U.S. District Judge